| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | | |
|---|---|---|
| KEVIN RIVERA, JORGE RIVERA, and MARVIN RIVERA, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § | No. 4:19-cv-02290 |
| v. | § § | |
| CAGLE STUCCO & MASONRY OF TEXAS, LLC d/b/a CAGLE STUCCO & MASONRY, | § § § § | |
| *Defendants*. | § | |

**AND**

| | | |
|---|---|---|
| LUIS PALACIOS, Individually and On Behalf of All Others Similarly Situated, | § § | |
| *Plaintiff*, | § § | No. 4:20-cv-01015 |
| v. | § § | [Consolidated Into |
| CAGLE STUCCO & MASONRY OF TEXAS, LLC d/b/a CAGLE STUCCO & MASONRY; CAGLE STUCCO &, MASONRY, LLC; LOZANO CUNSTRUCTION SERVICES, LLC; CHRISTOPHER N. CAGLE; and BENJAMIN LOZANO | § § § § § § § § | § Civil No. 4:19-cv-02290] |
| *Defendants*. | § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs Kevin Rivera, Jorge Rivera, Marvin Rivera, and Luis Palacios, individually and similarly situated (collectively, "Named Plaintiffs"), and Defendants Cagle Stucco & Masonry of Texas, LLC, Cagle Stucco and Masonry, LLC, (collectively, "Cagle"), and LTF Construction Company, LLC ("LTF"), (collectively, LTF and Cagle hereinafter may be referred to as "Defendants") (collectively, Plaintiffs, LTF, and Cagle hereinafter may be referred to as the "Parties") request that the Court approve the settlement agreement entered into between the parties and dismiss this case with prejudice.[1]

## I. Background

Named Plaintiffs filed a putative collective action lawsuit against Defendants alleging that the Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay them and others similarly situated overtime for hours worked in excess of forty (40) per workweek. (Pl.'s 3rd Amd. Compl. (Doc. 68) ¶¶ 20-60.)[2] Cagle denies that it is liable to Named Plaintiffs or anyone else. (*See generally*, Def.s' Answer (Doc. 29).) LFT denies that it is liable to Named Plaintiffs or anyone else. (*See generally*, Def.'s Answer (Doc. 68).) On December

---

[1]     The Parties are filing in conjunction with this Motion a separate Joint Motion for Leave to File Settlement Agreement under seal.

[2]     On November 17, 2020 the Court consolidated, CA No. 4:20-cv-01015, pending in the United States District Court for the Southern District of TX, Houston Division, styled *Luis Palacios, Individually and On Behalf of All Others Similarly Situated v. Cagle Stucco & Masonry of Texas, LLC d/b/a Cagle Stucco & Masonry; Cagle Stucco & Masonry, LLC; Lozano Construction Services, LLC; Christopher N. Cagle; and Benjamin Lozano*, ("Palacios Case") into this action.

20, 2019, the Court authorized notice regarding the pendency of this case and the right to join it to "all laborers that worked for Defendant for the past three years. (Order (Doc. 23) p. 1.) After the notice was sent, a total of eighteen people consented in writing to be part of collective under 29 U.S.C. § 216(b) (the "Opt-in Plaintiffs) (collectively, the Named Plaintiffs and the Opt-in Plaintiffs hereinafter may be referred to as "Plaintiffs"), and one was ultimately dismissed[3]. (*See*, Ramirez Consent (Doc. 53); Williams Consent (Doc. 46); Barrios Consent (Doc. 42); Gonzalez Consent (Doc. 41); P. Martinez Consent (Doc. 40); A. Hernandez Consent (Doc. 39); Bermudez Consent (Doc. 38); Tellez Consent (Doc. 37); Cardenas Consent (Doc. 36); Zavala Consent (Doc. 35); Villeda Consent (Doc. 34); Palacios Consent (Doc. 33); J. Martinez Consent (Doc. 32); Aguilar Consent (Doc. 31); Lazo (Doc. 30); M. Rivera Consent (Doc. 4); J. Rivera (Doc. 3); K. Rivera (Doc. 2).) The Parties conducted significant discovery. Through their lawyers, the Parties continued to explore resolution. Ultimately, after years of litigation, the Parties reached an agreement to resolve their dispute, which was memorialized in a confidential settlement agreement. Now, they request that the Court approve the confidential settlement agreement and dismiss this case with prejudice.

## II. Argument & Authorities

A.    **There was a bona fide dispute between the parties.**

---

[3]        *See*, J. Lucus' Notice of Withdrawal (Doc.97).

If, on the one hand, Plaintiffs' allegations were ultimately proven at trial, Defendants would be faced with a substantial monetary judgment in favor of Plaintiffs, as well as an obligation to pay their attorneys' fees and costs. If, on the other hand, Defendants prevailed on one or more of their defenses, Plaintiffs would recover nothing or substantially less than what they sought and would be liable for Defendants' costs. The Parties were represented by experienced lawyers throughout this case, and as evidenced by, among other things, the extensive motion practice, and arguments in support of their respective positions (for example, whether Plaintiffs were correctly classified as independent contractors and exempt from the FLSA). Accordingly, the Court should conclude a bona fide dispute existed between the parties.

**B.    The proposed settlement is a fair and reasonable.**

The precise terms of the settlement are reflected in the settlement agreement, which the Parties seek leave to file under seal. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing relief to Plaintiffs and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between their settlement positions and obtain the resolution described. Under these circumstances, the settlement agreement is presumptively fair. *See*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)

(recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness). The settlement agreement is also reasonable because substantial obstacles exist if litigation continues, and the settlement provides immediate relief.

The parties disagree about the merits of Plaintiffs' claims, the viability of Defendants' defenses, and the proper calculation of damages. Without settlement, they would have continued with the discovery process, including additional written discovery, depositions of the Plaintiffs and key management witnesses, the dispositive motion process and possibly trial. Regardless of who prevailed and at which stage in the process, an appeal to the Fifth Circuit would have likely resulted. If that happened, this case would not be finally resolved until years from now. The settlement agreement ends the lawsuit and provides certainty and immediate benefits to Plaintiffs.

In reviewing a settlement agreement for fairness, courts should, of course, be mindful of "the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *San Antonio Hispanic Officers' Org., Inc. v. City of San Antonio,* 188 F.R.D. 433, 458 (W.D. Tex. 1999). Courts also must compare the terms of the settlement with the rewards Plaintiffs would have been likely to receive following a successful trial. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir.

1983). Continued litigation of these issues would almost certainly require extensive time, labor and resources, which are weighed against the risk that if this case went to trial, Plaintiffs could recover nothing or far less than what they are receiving through settlement. Being able to establish liability and damages at trial would be quite challenging, and Plaintiffs would have forfeited their ability to receive a monetary benefit now. *See*, *In re Chicken Antitrust Litig. Am. Poultry*, 669 F. 2d 228, 239 (5th Cir. 1982) (inquiry into fairness "should contrast settlement rewards with likely rewards if the case goes to trial").

In determining whether the settlement is fair and reasonable, the Court should be mindful that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Also, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.* More importantly, the terms of the settlement have been approved by Plaintiffs, their counsel, Defendants, and Defendants' counsel. Plaintiffs entered into the settlement agreement voluntarily and knowingly, and they understand that they are relinquishing their claims in this matter in exchange for the agreed upon settlement. In short, the Parties agree that the terms of the settlement agreement are

reasonable, fair and just, and the Parties want to finally resolve all of the claims in this lawsuit.

The Parties further agreed that the terms of the settlement will be kept confidential. *See, e.g., XPO Logistics, Inc. v. Leeway Glob. Logistics, LLC*, No. 2:15- CV-00703-CW, 2018 WL 400769, at *5 (D. Utah Jan. 12, 2018) (sealing settlement agreement and noting that "keeping the amount and the terms of the settlement confidential and out of the public record under these circumstances will not undermine the purposes of the FLSA," "[t]here is no per se rule against such confidentiality in the FLSA itself," and "denying a motion to seal may chill future settlement discussions."); *Saenz v. Erick Flowback Servs., LLC*, No. 5:14-cv- 00593, Dkt. No. 121 (W.D. Okla. May 23, 2016) (granting joint motion for leave to file FLSA settlement under seal); *Lewis v. Bushwood Invs., LLC*, 13-2610-JAR-JPO, 2015 WL 1523895, at *3 (D. Kan. Apr. 3, 2015) (permitting the FLSA settlement agreement to be filed under seal); *Porter v. W. Side Rest., LLC*, No. 13-1112-JAR-KGG, Dkt. No. 122 (D. Kan. Feb. 18, 2015) (same); *Green v. Drake Beam Morin, Inc.*, No. 1:11-cv-01063, Dkt. No. 106 (D. Colo. Oct. 10, 2012) (granting joint motion for leave to restrict FLSA settlement agreement); *Darrow v. WKRP Management, LLC*, No. 1:09-cv-01613, Dkt. No. 200 (D. Colo. Sept. 6, 2012) (granting joint motion to file settlement agreement and supporting declarations under seal in FLSA class action); *Curiel v. The Garlic Knot Express, LLC,* No. 1:11-cv-00205,

Dkt. No. 33 (D. Colo. Jul. 27, 2011) (granting joint motion to seal confidential settlement of FLSA claims).

## III.  Conclusion

The Parties and their counsel agree that the settlement agreement is a reasonable compromise of Plaintiffs' claims in light of the procedural posture of the case, the litigation risks, and the ever-escalating costs. Because the settlement agreement is a reasonable compromise, the Parties request that their settlement agreement be approved and that this case be dismissed with prejudice.

Respectfully Submitted,

MOORE & ASSOCIATES
440 Louisiana Street, Suite 1110
Houston, TX 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
    Melissa Moore
    Tex. Bar. No 24013189
    melissa@mooreandassociates.net
    Curt Hesse
    Tex. Bar. No. 24065414
    curt@mooreandassociates.net


**ATTORNEYS FOR PLAINTIFFS**


Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927


By: /s/ Matthew P. Gizzo *with permission MAM
    Matthew P. Gizzo
    Tex. Bar No. 24017188
    SD No. 3697941
    Matthew.gizzo@ogletree.com


**ATTORNEYS FOR LTF**

Respectfully Submitted,

MCCATHERN, PLLC.
3710 Rawlings St., Suite 1600
Dallas, TX 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717


By: /s/ Jesse L. Cromwell *with permission MAM
    Jesse L. Cromwell
    Tex. Bar No. 24073067
    jcromwell@mccathernlaw.com


**ATTORNEYS FOR CAGLE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July in the year 2022, I filed this motion with the Court's CM/ECF system which will send notification of such filing to all counsel of record.

_____
Melissa Moore